UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRISNEL SAINT FLEUR

Plaintiff,

v.                                    CASE No. 8:12-CV-848-T-23TGW

PUBLIX SUPERMARKETS

Defendant.
_____

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 2). The complaint seemingly alleges civil rights violations related to the defendant's termination of the plaintiff's employment (Docs. 1, 2). The complaint does not comply with the Federal Rules of Civil Procedure and it fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's complaint (Doc. 1) be dismissed, with leave to file an amended complaint, and consideration of the Application to Proceed In Forma Pauperis (Doc. 2) be deferred pending the filing of an amended complaint.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's brief complaint, which is less than one page long, alleges in a conclusory manner that he was retaliated against for calling his store manager a racist, and "Race Discrimination" (Doc. 1). The complaint fails to comply with the Federal Rules of Civil Procedure because it does not contain a statement of the grounds for the court's jurisdiction, a statement showing that he is entitled to relief, or the relief sought. See Rule 8, F.R.Civ.P.

In particular, the plaintiff alleges unlawful race discrimination, but he does not identify the statutory basis for the claim. Further, the plaintiff has not alleged that he is in a protected category, or identify circumstances which suggest that the defendant took employment action against him based on a protected characteristic. Further, there is no indication that he has satisfied administrative prerequisites. See 42 U.S.C. 2000e-5. Therefore, if the plaintiff is alleging employment discrimination, he has failed to allege sufficient facts to state a

cognizable claim. See Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007)(examining whether the factual allegations provide "plausible grounds to infer" a required element of the claim).

In sum, the complaint must identify each of the laws the plaintiff claims that the defendant has violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of that law. See Rules 8, 10, F.R.Civ.P.; McNeil v. United States, 508 U.S. 106 (1993)(pro se litigants must comply with procedural rules that govern pleadings). The Hillsborough County Library has form books which provide sample formats for federal lawsuits, and contains copies of the Federal Rules of Civil Procedure. The Court's website also has helpful information. See www.flmd.uscourts.gov.

Therefore, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. §1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule

15, F.R. Civ. P.). I therefore recommend that the complaint (Doc. 1) be dismissed and the Motion to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
DATED: APRIL 26, 2012   UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).